IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JOHN W. HARDY                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:06CV81-P-A

THE CITY OF SENATOBIA, MISSISSIPPI
MAYOR AND BOARD OF ALDERMAN
AND CITY OF SENATOBIA, MISSISSIPPI
MUNICIPAL COURT JUDGE AND POLICE
JUSTICE JOHN T. LAMAR, JR.                                       DEFENDANTS

**ORDER**

This cause is before the Court on defendant John T. Lamar, Jr.'s Motion to Dismiss for Failure to State a claim Upon Which Relief Can Be Granted [9]. The Court, having reviewed the motion and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff's Complaint named municipal court judge John T. Lamar, Jr. as a defendant in both his individual and official capacities; he seeks recovery under § 1983 for injuries sustained in conjunction with the allegedly wrongful issuance of a scire facias appearance bond and the entry of a Final Judgment Against Principal & Sureties on Bond and an Order for Revocation of License relating to a bail bond posted by plaintiff in Senatobia Municipal Court.

An established tenet of our jurisprudence is judicial immunity. Brinkman v. Johnson, 793 F.2d 111, 112 (5th Cir. 1986); Stump v. Sparkman, 435 U.S. 349, 357-59 (1978). Judges are absolutely immune from suits for damages stemming from actions taken pursuant to their judicial role; immunity may only be overcome where a plaintiff makes a showing that the judge acted in a non-judicial capacity or that the judge lacked jurisdiction. Stump at 356-57; Forrester v. White, 484

U.S. 219, 227-29 (1988). Based on the facts as set forth above, the Court determines that both Judge Lamar is entitled to judicial immunity from liability under the facts as alleged in plaintiff's Complaint. As a further matter, there is no need to retain Judge Lamar as a defendant in his official capacity before the entity he serves is also a defendant in the pending action. Brown v. City of Hazlehurst, 741 So.2d 978 (Miss. 1999).

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant John T. Lamar, Jr.'s Motion to Dismiss for Failure to State a claim Upon Which Relief Can Be Granted [9] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that John T. Lamar, Jr. should be, and hereby is, DISMISSED WITH PREJUDICE as a party defendant.

SO ORDERED, this the 14th day of May, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE