**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**JOHN W. HARDY**                                                                                        **PLAINTIFF**

**VERSUS**                                                               **CIVIL ACTION NO. 2:06CV81-P-A**

**THE CITY OF SENATOBIA, MISSISSIPPI
MAYOR AND BOARD OF ALDERMAN
AND CITY OF SENATOBIA, MISSISSIPPI
MUNICIPAL COURT JUDGE AND POLICE
JUSTICE JOHN T. LAMAR, JR.**                                        **DEFENDANTS**

## ORDER

This cause is before the Court on defendants City of Senatobia, Mississippi Mayor and Board of Aldermen's Motion to Dismiss for Insufficient Process and/or Insufficiency of Service of Process [10]. The Court, having reviewed the motion and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff filed his Complaint on May 8, 2006, naming multiple defendants, including the City of Senatobia, Mississippi "Mayor and Board of Alderman" [sic]. The body of the Complaint identifies the Mayor and respective aldermen as Alan Callicott, Burford Givins, Cleo Sykes, Michael Cathey, Mike Putt and Lana Nail. On August 11, 2006, this Court issued a summons for the "Mayor and Board of Alderman [for] the City of Senatobia; thereafter, on August, 31, 2006, plaintiff's counsel filed a return of service reflecting service on "Kay Melton City Clerk" as of August 15, 2006.

Defendants' motion notes that the "Mayor and Board of Alderman [for] the City of Senatobia" is not a separate legal entity. Dismissal of the Complaint is proper as to a non-existent

entity. International Fire and Safety, Inc. v. HC Services, Inc., Civil Action No. 2:06CV63, 2006 WL 2403496, *1 (S.D. Miss. August 18, 2006).

As a further matter, to the extent that the above-named individuals have been properly named as defendants, they are entitled to dismissal based on plaintiff's failure to comply with the dictates of F.R.C.P. 4(b), (e) and (m). Rule 4(b) requires the issuance of a separate summons for each of the named defendants; the single summons issued for the non-existent entity is insufficient. Rule 4(e) requires service on the individual defendants; plaintiff's attempted service on City Clerk Kay Melton is insufficient. Finally, the 120 day period for service under Rule 4(m) expired long ago; inasmuch as plaintiff never responded to the instant motion, the Court finds no good cause exists to extend the period for service. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants City of Senatobia, Mississippi Mayor and Board of Aldermen's Motion to Dismiss for In Insufficient Process and/or Insufficiency of Service of Process [10] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that the City of Senatobia, Mississippi Mayor and Board of Alderman should be, and hereby are, DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the 17th day of May, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE