IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JOHN W. HARDY                                                                                    PLAINTIFF

v.                                                                                          No. 2:06CV81-P-A

CITY OF SENATOBIA, MISSISSIPPI, ET AL.                                              DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* complaint of John W. Hardy, who alleges various state and federal claims arising out of the revocation of his license to act as a Professional Bail Agent. The defendants have moved for summary judgment; the plaintiff has not responded to the motion, and the deadline for such a response has long expired. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion for summary judgment shall be granted, and the instant case shall be dismissed with prejudice.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue

for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

The plaintiff, John W. Hardy ("Hardy") began writing bail bonds under the name "U.S. Bail Enforcement Agency" in June, 1988. Plaintiff's Dep. at 7, excerpts attached as Exhibit "A"

to Senatobia's Motion. On June 30, 2003, while incarcerated at the Tate County Jail, Jacky Rowe contacted the plaintiff by telephone and requested that the plaintiff post bail for Rowe's release. Plaintiff's Dep. at 13. The plaintiff traveled to the Tate County Jail and posted bail for Rowe's release and a Bail Bond to secure Rowe's appearance in the Senatobia Municipal Court. Plaintiff's Dep. at 11-16; *see also* Bail Bond attached as Exhibit "B" to Senatobia's Motion. The Bail Bond required Rowe to appear in Senatobia Municipal Court on July 22, 2003, and if he failed to appear, Hardy d/b/a U.S. Bail Enforcement Agency agreed to pay $2,816.00. *Id.* There is some dispute as to whether Rowe appeared in Court on July 22, 2003. The plaintiff alleges that Rowe did appear on July 22, 2003. Plaintiff's Dep. at 16-17; Plaintiff's Complaint at ¶15. The plaintiff was not, however, present in Court on July 22, 2003 and is basing his assertion on an alleged statement made by Municipal Court Clerk, Faye Lanier, that Rowe was present that day, but the judge continued his case. Plaintiff's Dep. at 17. However, Faye Lanier states in an affidavit that Rowe did not appear in Court on July 22, 2003, and has never appeared in court since his release on June 30, 2003, after the posting of bond by the Plaintiff. *See* Affidavit of Faye Lanier ¶¶5, 10, attached as Exh. "C" to Senatobia's Motion; see also Answer of Senatobia, p. 5, ¶15 (Doc. 11). As discussed later in this memorandum opinion, the issue of whether Rowe appeared on July 22, 2003, is not material to the resolution of this motion for summary judgment.

The Senatobia Municipal Court records do not reflect that Rowe's case was heard on July 22, 2003; instead, the case came back before the Court on October 8, 2003. *See* Affidavit of Lanier ¶5. Rowe failed to appear in Court on October 8, 2003, and the Senatobia Municipal Judge issued a Scire Facias-Appearance Bond and summons requiring Rowe and Hardy d/b/a U.S. Bail Enforcement Agency to appear on October 22, 2003, to show cause why the Bail Bond

posted by the plaintiff for the benefit of Rowe should not be forfeited.  *See* Affidavit of Lanier ¶6; Scire Facias-Appearance Bond attached as Exh. "D" to Senatobia's Motion.[1]  The plaintiff received the October 8, 2003 Scire Facias-Appearance Bond and failed to appear on October 22, 2003.  Plaintiff's Dep. at 18.  Further, Jacky Rowe also failed to appear on October 22, 2003. *See* Affidavit of Lanier ¶7.

Rowe's case was continued until November 25 2003.  *See* Affidavit of Lanier ¶7. However, Rowe failed once again to appear in Court on November 25, 2003, and the Senatobia Municipal Judge issued a Scire Facias-Appearance Bond summonsing Rowe and Hardy d/b/a U.S. Bail Enforcement Agency to appear on December 10, 2003 to show cause why the Bail Bond posted by the Plaintiff for the benefit of Rowe should not be forfeited.  *See* Affidavit of Lanier ¶8; Scire Facias-Appearance Bond attached as Exh. "E" to Senatobia's Motion.[2]  The plaintiff received the November 25, 2003 Scire Facias-Appearance Bond and failed to appear on December 10, 2003.  Plaintiff's Dep. at 19.  Further, Jacky Rowe also failed to appear on December 10, 2003.  *See* Affidavit of Lanier ¶9.

Based upon the failure of both Rowe and the plaintiff to appear and show cause why the Bail Bond should not be forfeited, the Senatobia Municipal Court entered a judgment against the plaintiff.  *See* Final Judgment Against Principal & Sureties on Bond attached as Exh. "F" to Senatobia's Motion.  On August 6, 2004, Municipal Court Clerk, Faye Lanier, sent the plaintiff a

---

[1]The October 8, 2003 Scire Facias-Appearance Bond reflects that the plaintiff executed the Bail Bond on July 3, 2003.  That date is, however, a scrivener error, as the Bail Bond was executed on June 30, 2003.  *See* Affidavit of Lanier ¶6.

[2]The November 25, 2003 Scire Facias-Appearance Bond reflects that the plaintiff executed the Bail Bond on July 22, 2003.  Again, that date is a scrivener error, as the Bail Bond was executed on June 30, 2003.  *See* Affidavit of Lanier ¶8.

letter advising him that the Court would be sending a revocation to the Mississippi Department of Insurance on August 11, 2004, as a result of the plaintiff's inability to secure Rowe's appearance in Court. *See* Exh. "G" to Senatobia's Motion. On August 11, 2004, the Senatobia Municipal Court entered an Order for Revocation of License and forwarded it to the Mississippi Department of Insurance. *See* Order attached as Exh. "H" to Senatobia's Motion. The plaintiff did not appeal the Order for Revocation of License, as permitted under Uniform Circuit and County Court Rule 5.04. Plaintiff's Dep. at 42.

On November 16, 2004, the Commissioner of Insurance held a hearing on the revocation, found that the plaintiff defaulted on the Bail Bond, and revoked the plaintiff's license to act as a Professional Bail Agent. *See* Final Administrative Order attached as Exh. "I" to Senatobia's Motion. The plaintiff attempted to appeal the Commissioner of Insurance's Order; however, upon the Commissioner's motion, the Panola County Circuit Court dismissed the appeal on February 3, 2005. *See* Exh. "J" to Senatobia's Motion; *see also* Plaintiff's Complaint ¶¶35-37.

**The Plaintiff's State and Federal Claims**

The plaintiff alleges claims under both state law and federal law in the instant complaint. Under *state* law the plaintiff alleges: (1) breach of contract, (2) breach of fiduciary duty, (3) negligence and gross negligence, (4) misrepresentation, and (5) defamation (libel and slander *per se*). The plaintiff's theory of recovery under *federal* law involves 42 U.S.C. § 1983 – for alleged violations of the First, Fifth, and Fourteenth Amendments.[3]

---

[3] Count Five of the plaintiff's complaint entitled "Failure to Reasonably Consider or Hear," states a due process claim under the Fourteenth Amendment to the U.S. Constitution, rather than a state law claim. *See* ¶¶ 2, 76-77 of Plaintiff's Complaint (Doc. 1-1).

## State Law Claims of Breach of Fiduciary Duty, Negligence and Gross Negligence, Misrepresentation, and Defamation (Libel and Slander *Per Se*): Barred by the Plaintiff's Failure to Follow the Dictates of the Mississippi Tort Claims Act

The plaintiff has not complied with the Notice of Claim Requirements of the Act; nor has he filed these claims before the expiration of the Act's one-year limitations period. Through the passage of the Mississippi Tort Claims Act[4], the Mississippi Legislature waived sovereign "immunity of the state and its political subdivisions from claims for money damages arising out of torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment . . . ." MISS. CODE ANN. § 11-46-5(1). The remedy provided by the Act is the exclusive remedy against a governmental entity or its employee. MISS. CODE ANN. § 11-46-7(1). "Any claim filed against a governmental entity and its employees must be brought under [the] statutory scheme" of the Act. *Lang v. Bay St. Louis/Waveland School Dist.*, 764 So. 2d 1234, 1236 (Miss. 1999). Accordingly, the plaintiff's state law tort claims of breach of fiduciary duty, negligence and gross negligence, misrepresentation, and defamation (libel and slander *per se*) are subject to the Act. The plaintiff's *breach of contract* claim is not, however, covered by the Act.

### Failure to Comply with the Notice of Claim Requirements of the Tort Claims Act

Miss. Code Ann. § 11-46-11(1) provides, in part, as follows:

[a]fter all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; ***provided, however, that ninety (90) days prior to maintaining an action thereon***, such person shall file a notice of claim with the

---

[4]MISS. CODE ANN. § 11-46-1 et seq.

chief executive officers of the governmental entity. (emphasis added).

In this case, the plaintiff filed his notice of claim on March 6, 2006. *See* Exh. "K" attached to Senatobia's Motion. The plaintiff then filed his Complaint (Doc. 1-1) on May 8, 2006. He thus only provided sixty-three days of notice, instead of the required ninety days. The Mississippi Supreme Court requires strict compliance to the 90-day notice requirement. *South Regional Medical Center v. Guffy*, 930 So. 2d 1252, 1258-59 (Miss. 2006); *University of Mississippi Medical Center v. Easterling*, 928 So. 2d 815 (Miss. 2006). In both *Guffy* and *Easterling*, the Mississippi Supreme Court dismissed the plaintiff's claims for failure to comply strictly with the 90-day notice requirement. Thus, as the plaintiff failed to comply with the 90-day notice requirement, his state law tort claims of breach of fiduciary duty, negligence and gross negligence, misrepresentation, and defamation (libel and slander *per se*) must be dismissed.

### Failure to File Suit Before the Expiration of the Mississippi Tort Claims Act Statute of Limitations

MISS. CODE ANN. § 11-46-11(3) provides in part that all actions "shall be commenced within one (1) year next after the date of tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after." In this case, all the relevant conduct by Senatobia's officials occurred from July 22, 2003, (Jacky Rowe's initial Court appearance date) to August 11, 2004, (the date on which the Senatobia Municipal Court Judge entered the Order For Revocation of License). Thus, the one-year limitations period for a civil action against Senatobia expired on August 11, 2005. The plaintiff filed the instant complaint May 8, 2006 – 270 days after the statute of limitations expired. As such the plaintiff's state law tort claims of breach of fiduciary duty, negligence and gross negligence, misrepresentation, and

defamation (libel and slander *per se*) are time barred under MISS. CODE ANN. § 11-46-11(3). The plaintiff is not entitled to tolling of the limitations period under § 11-46-11(3) because his notice of claim was not filed until March 6, 2006 – 572 days after the date of the last actionable conduct (August 11, 2004).

### State Law Claim of Breach of Contract

Unlike the plaintiff's other claims (which sound in tort) a pure breach of contract claim is not subject to the Tort Claims Act – unless the breach concerns an "implied term or condition" of the contract (which is not the case here). *City of Jackson v. Estate of Stewart*, 908 So. 2d 703, 711 (Miss. 2005); *City of Grenada v. Whitten Aviation, Inc.*, 755 So. 2d 1208, 1213 (Miss. Ct. App. 1999), *abrogated by City of Jackson v. Estate of Stewart*, 908 So. 2d 703, 711 (Miss. 2005).

Count One of the complaint, including Paragraphs 60-66, comprise the plaintiff's breach of contract claim. Although the allegations contained in Paragraphs 60-66 do not specify what acts or omissions on the part of the Senatobia officials breached the Bail Bond agreement, during his deposition about this claim, the plaintiff testified:

> Q. You've got your complaint in front of you there. At the bottom of Page 9, it's got count one, breach of contract and correct me if I'm wrong, but we're talking about the breach of the bail bond that's labeled H4 that we're looking at here on the table; correct?
>
> A. Yes.
>
> Q. And the breach would be the City attempting to continue bail for Jacky Rowe for a court date past July 22nd, 2003; correct?
>
> A. The breach that they – I think you were incorrect there. The breach that I'm speaking about is, when this contract was written and we agreed to the terms on the contract, then the court knew or it should have known that this contract had expired. So this is – and they should have notified me that it had expired or they shouldn't have attempted to proceed to violate my Fifth and Fourteenth

Amendment right.

Q. Where does it say on here the City has to notify you when the contract has expired?

A. This is in good faith. Any time that this – this contract says that it would appear on the 22nd of July at 8:30 a.m. Now, on the 22nd of July, that's when my obligation ended when, in fact, the Defendant appeared.

Q. Okay.

A. Now, the City of Senatobia is not complaining about the 22nd day of July. They are not saying that he did not appear here. They are saying he did not appear on the 8th day of October and on the 25th day of November. I do not have a bond for that and this is why I kept writing the court asking the court to please, let's just set a hearing and talk about this thing.

Q. Tell me again, I thought the breach of this contract that we're looking at on H4 here was the City's attempt to continue the bail for Jacky Rowe for a court date other than July 22nd, 2003?

A. Okay. Let's go down to this breach of contract while I have -- starting at Number 61. Defendants have breached the contract of the bail bond and the indemnification with Plaintiff entitling Plaintiff to award of damages and performance of the contract.

Q. How did that breach this contract?

A. I think it may be set out here in 62 and 63. Could we just continue with that?

Q. Yes.

A. Okay.

Q. I can read it just as well as you can.

A. Okay.

Q. But it doesn't tell me what they did to breach it.

A. The failed to exonerate. They failed to exonerate me on the terms and conditions of the contract and the performance when they agreed to do so.

Q. That's your answer?

A. That's my answer. They failed to exonerate me according to the terms and the -- that is set out here in the complaint on the 61 through 66.

Plaintiff's Dep. at 37-41.

Unfortunately for the plaintiff, the Bail Bond did not expire on June 22, 2003, and he was not relieved of his Bail Bond obligation after Jacky Rowe's initial Court date of July 22, 2003. As such, Senatobia acted properly in forfeiting the Bail Bond. The plaintiff must know this, as the rule in question arose out of his own reported case. In *State v. Brooks and John W. Hardy d/b/a U.S. Bail Enforcement Agency*, 781 So. 2d 929 (Miss. Ct. App. 2001), Hardy argued that his bail bond only secured the defendant's appearance at a preliminary hearing – and that Hardy was not responsible for the actions or appearance of the defendant after a preliminary hearing, as the bail bond had expired. *Id.* at 931. Put simply, Hardy argued that the defendant's appearance at the preliminary hearing fully satisfied Hardy's obligation under the bail bond, and thereafter, the bail bond became a "previously posted" bond. *Id.* at 932. In a unanimous decision, the Mississippi Court of Appeals rejected this argument, holding "that the surety on a bail bond is liable for the accused's failure to appear in court from day to day and term to term until discharged by law."[5] (internal quotations omitted) *Id.* at 933. The court affirmed the lower court's decision forfeiting the bail bond. Likewise, the Mississippi Attorney General, relying on MISS. CODE ANN. § 21-23-8, issued an opinion holding that "a judge may require the defendant to appear at a later court date and such order would also bind the defendant's sureties." MS AG

---

[5]Such obligation on the part of the surety renders the issue of whether Rowe appeared on July 22, 2003 immaterial for purposes of this motion for summary judgment. The undisputed material facts are that Rowe did not appear at his subsequent hearings and has not been discharged by the Court. *See* Affidavit of Lanier ¶¶5-10.

Op., Hemker (November 27, 1998)[6].

The plaintiff's argument in the present case is legally indistinguishable from the argument that he made in his own 2001 case – the argument rejected by the Mississippi Court of Appeals. The plaintiff posted the Bail Bond for Jacky Rowe's initial court appearance on July 22, 2003. Rowe did not appear at his subsequent hearings – and has not been discharged by the court through conviction or acquittal on the criminal charges. Nonetheless, the plaintiff complains that the Bail Bond did not obligate him to secure Rowe's appearance at subsequent Court hearings. *See* Plaintiff's Complaint ¶¶38-39, 58 (a-b); Plaintiff's Dep. at 35-36. Given his own 2001 reported case before the Mississippi Court of Appeals, such an argument is, at best, disingenuous. Senatobia did not breach the contract in question, and the Municipal Court's actions in seeking the revocation of the plaintiff's license were proper – based upon the facts of this case and established law. As such, the defendant Senatobia is entitled to summary judgment on this breach of contract claim.

**Federal Claims**

The plaintiff argues that the fact alleged in his complaint constitute a claim under 42 U.S.C. § 1983 for violations of the First, Fifth, and Fourteenth Amendments. To state a proper claim under §1983, a plaintiff must burden to prove that (1) the conduct at issue was committed by a person acting "under color of state law" and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or law of the United States. *Cornish v. Correctional Services Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). To maintain a cause of action under 42 U.S.C. §1983 against Senatobia, the plaintiff must submit "proof of (1) a policymaker,

---

[6] 1998 WL 503505 (Miss.A.G.)

(2) an official policy, and (3) a violation of constitutional rights whose 'moving force' is the policy or custom." *Weeks v. Thompson*, No. 4:04cv283-D-B, 2007 WL 316261, *2 (N.D. Miss. Jan. 31, 2007) (quoting *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)). The mere assertion that a constitutional violation has occurred under §1983 is inadequate. *Dismukes v. Hackathorn*, 802 F.Supp. 1442, 1444 (N.D. Miss. 1992). As discussed below, the plaintiff's §1983 claims must be dismissed with prejudice.

**The Fifth Amendment Is Not Applicable**

The Fifth Amendment is not "applicable to the States through the incorporation doctrine." *Brown v. City of Hazlehurst*, 741 So. 2d 975, 985 (Miss. Ct. App. 1999) (citing *Pruett v. Dumas*, 914 F. Supp. 133, 136 (N.D. Miss. 1996)). "The Fifth Amendment restricts the power of the federal government and does not apply to state actions." *Pruett*, 914 F. Supp. at 136. For this reason, the plaintiff's claim under the Fifth Amendment shall be dismissed with prejudice.

**No Respondeat Superior Liability Under §1983**

The plaintiff's First and Fourteenth Amendment claims under § 1983 against Senatobia must be dismissed because §1983 does not encompass recovery under a theory of vicarious liability or *respondeat superior*. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691-92 (1978); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003). The plaintiff alleges in Paragraph 54 the instant complaint:

> That at all material and relevant times, defendant John T. Lamar, Jr. acted for and on behalf of the City of Senatobia, Mississippi/defendants. Additionally, defendant John T. Lamar, Jr. acted within the scope of his agency, employment, or representative capacity with the City of Senatobia, Mississippi/defendants with the actual and/or apparent authority so to act. As such, the City of Senatobia, Mississippi is liable for the wrongful acts or omissions of defendant John T. Lamar, Jr., as well as for the wrongful act or omission attributable to the City of

Senatobia, Mississippi/Defendants not directly undertaken by defendant John T. Lamar, Jr.

With this claim the plaintiff seeks to impose vicarious liability upon the defendant Senatobia. As such liability is inappropriate under 42 U.S.C. § 1983, the plaintiff's First and Fourteenth Amendment claims under § 1983 shall be dismissed with prejudice.

### Failure to State a Claim Under the First Amendment

In paragraphs 1 and 4 of his complaint, the plaintiff alleges a violation of his First Amendment rights. The First Amendment ensures freedom of religion, speech, press, and assembly. The complaint in this case does not, however, allege facts invoking First Amendment protection. While courts must give a *pro se* plaintiff's pleadings broad interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not state a *pro se* plaintiff's case for him. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)). As such, the plaintiff's First Amendment claim shall be dismissed for failure to state constitutional claim.

### The Plaintiff Received All the Process Due Him Under the Fourteenth Amendment

The plaintiff has made the bare allegation that the Senatobia violated his right to due process under the Fourteenth Amendment. In Count Five of his complaint entitled "Failure to Reasonably Consider or Hear" he alleges that the Municipal Court Judge failed to provide the plaintiff a hearing. Also, during his deposition, the plaintiff complained of the "process" and the Municipal Court's failure to provide him with a hearing. Plaintiff's Dep. at 26-27.

A claim of "being deprived of your day in court, involves the concept of Procedural Due Process." *Grimes v. Pearl River Valley Water Supply Dist.*, 930 F.2d 441, 444 (5th Cir. 1991). In order "[t]o prevail, plaintiffs must prove (1) they were deprived of a protected property interest

and (2) they were denied the process due them." *Id.* (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982).

Assuming (for the sake of this memorandum opinion and final judgment only) that the plaintiff's Professional Bail Agent License is a protected property interest, the plaintiff was afforded all the process he was due prior to the revocation of his license. The plaintiff received the October 8, 2003 Scire Facias-Appearance Bond – yet chose not to appear at the October 22, 2003 hearing before the Municipal Court. Plaintiff's Dep. at 18. Likewise, the plaintiff received the November 25, 2003 Scire Facias-Appearance Bond and – yet again – chose not to appear at the December 10, 2003, hearing before the Municipal Court. Plaintiff's Dep. at 19. In addition, the plaintiff attended a hearing before the Commissioner of Insurance held a hearing on November 16, 2004 – prior to revoking the plaintiff's license to act as a Professional Bail Agent. *See* Final Administrative Order attached as Exh. "I" to Senatobia's Motion.

"The essential requirements of due process are notice and an opportunity to respond." *McDonald v. City of Corinth, Tex.*, 102 F.3d 152, 155 (5th Cir. 1996). The plaintiff received notice of three hearings regarding forfeiture of the bond and revocation of his license to act as a Professional Bail Agent. He chose not to appear at the first two hearings and attended the third. The plaintiff cannot use his own stubborn refusal to participate in the process available to him to establish a violation of the right to such process. This claim is without merit, and judgment shall be entered for the defendants on this issue.

In sum, the defendant's motion for summary judgment shall be granted; judgment shall be entered for the defendant in this case. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 1st day of November, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE